USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 1 1 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KENNETH ENG,

                Plaintiff,

        -v-

DAN CASEY et al.,

                Defendants.

------------------------------------------------------------X

14-cv-3734 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On May 8, 2014, pro se plaintiff Kenneth Eng ("plaintiff") filed this action seeking $5,000,000 in damages stemming from alleged violations of his copyrights in several screenplays he wrote some years ago. (ECF No 2.) Plaintiff filed an amended complaint on August 21, 2014. (ECF No. 6.) Plaintiff's amended complaint is replete with racist epithets and contains insults aimed at defendants. As a result, in a Memorandum Opinion & Order dated November 7, 2014 (the "Opinion & Order"), the Court struck plaintiff's amended complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and ordered plaintiff to file an amended complaint not containing the stricken portions or any other racist, anti-Semitic, or insulting language not later than November 21, 2014. (ECF No. 7.) The Opinion & Order clearly stated that failure to comply "either with regard to the deadline for filing an amended complaint or with regard to the substance of the

amended complaint will result in the dismissal of this action with prejudice." (Id. at 3.)

The Court mailed a copy of the Opinion & Order on the day it was issued to plaintiff. Because plaintiff did not comply with the Opinion & Order, on December 1, 2014 the Court ordered plaintiff to submit a letter not later than December 10, 2014 explaining his failure to comply. (ECF No. 8.) To date, plaintiff has neither filed an amended complaint nor submitted a letter explaining his failure to do so.

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). A district court considering a Rule 41(b) dismissal with prejudice must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Even where a plaintiff fails to comply with a court order that includes a notice of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault" by evaluating those criteria. Id. at 217 (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467

(2d Cir. 2013)). A pro se litigant's claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." Id. at 9 (quoting LeSane, 239 F.3d at 209).

Here, each of these factors weights in favor of dismissal of plaintiff's complaint: (1) plaintiff has now failed to comply with the Court's Opinion & Order for 34 days; (2) the Opinion & Order explicitly stated that failure to comply would result in dismissal; (3) there is no reason to believe that defendants will be prejudiced by further delay in these proceedings; (4) plaintiff has repeatedly abused his fair chance to be heard in federal courts by bringing vexatious and frivolous lawsuits, whereas the Court is currently managing a heavy caseload consisting of many potentially meritorious lawsuits; and (5) the Court has considered other sanctions less drastic than dismissal and concluded that dismissal is the most appropriate sanction in the circumstance of this case. The Court also concludes that plaintiff's failure to comply with the Opinion & Order is willful and demonstrates reasonably serious fault, and that the circumstances here are sufficiently extreme to justify dismissal under the standard set forth by the Second Circuit in Baptiste.

Accordingly, plaintiff's complaint is DISMISSED for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:     New York, New York
           December 11, 2014

                                            _____
                                            KATHERINE B. FORREST
                                            United States District Judge

Copies to:

Kenneth Eng
P.O. Box 527 315
Flushing, NY 11352

Kenneth Eng
4266 Saull Street
Flushing, NY 11355